

**Capitol Corporate Services, Inc.**
PO Box 1831
Austin, TX 78767
Phone: (800) 345-4647  Fax: (800) 432-3622
rassop@capitolservices.com

## Service Of Process Transmittal Notice

| ROSS GATLIN<br>PROPHET EQUITY<br>1460 MAIN ST STE 200<br>SOUTHLAKE TEXAS 76092 | **Date Processed:** | 04/16/2021 |
| | **Completed By:** | JESSICA DAVIS |
| | **Delivery Method to Client:** | FEDEX 2 DAY LETTER |
| | **Tracking Number:** | 137233088679 |

Enclosed please find legal documents received on behalf of the client named below. These documents are being forwarded in accordance with your instructions.

| Date / Time Received<br>04/16/2021 11:30 AM in DELAWARE | Transmittal #<br>DE-203269 | Delivered to Agent by<br>CERTIFIED MAIL |
|---|---|---|

**With Regard to Client**
FDF ENERGY SERVICES LLC

**Title of Case or Action**
MARY JANE ANDERSON, ET AL. V. FDF ENERGY SERVICES, LLC., ET AL.

| Case Number<br>21-C-5 | Type of Document Served<br>CITATION/SUMMONS |
|---|---|

**Court Name**
IN THE CIRCUIT COURT OF PLEASANTS COUNTY, WEST VIRGINIA

**Note**



1-203269G



EXHIBIT

A

Office of the Secretary of State
Building 1 Suite 157-K
1900 Kanawha Blvd E.
Charleston, WV 25305



USPS CERTIFIED MAIL™

9214 8901 1251 3410 0003 1101 12



**Mac Warner**
Secretary of State
State of West Virginia
**Phone:** 304-558-6000
886-767-8683
**Visit us online:**
www.wvsos.com

FDF ENERGY SERVICES, LLC
CAPITOL SERVICES, INC.
1675 SOUTH STATE STREET
SUITE B
DOVER, DE 19901

**Control Number:** 273811

**Defendant:** FDF ENERGY SERVICES, LLC
1675 SOUTH STATE STREET
SUITE B
DOVER, DE 19901 US

**Agent:** CAPITOL SERVICES, INC.
**County:** Pleasants
**Civil Action:** 21-C-5
**Certified Number:** 92148901125134100003110112
**Service Date:** 4/12/2021

I am enclosing:

**1 discovery, 1 summons and complaint**

which was served on the Secretary at the State Capitol as your statutory attorney-in-fact. According to law, I have accepted service of process in your name and on your behalf.

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about this document directly to the court or the plaintiff's attorney, shown in the enclosed paper, not to the Secretary of State's office.*

Sincerely,

*Mac Warner*

Mac Warner
Secretary of State

## SUMMONS
## IN THE CIRCUIT COURT OF PLEASANTS COUNTY, WEST VIRGINIA

MARY JANE ANDERSON and
CHASE ANDERSON,

              **Plaintiffs,**

v.

FDF ENERGY SERVICES, LLC,              Civil Action No.: 21-C-5
A Delaware Limited Liability Company,

              **Defendant.**

To the above-named Defendant:      FDF ENERGY SERVICES, LLC
                                   c/o Capitol Services, Inc.
                                   1675 S. State Street Suite B
                                   Dover, DE 19901

            IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned and required to serve upon Bailey, Javins & Carter, L.C., plaintiff's attorney, whose address is 213 Hale Street, Charleston, West Virginia, 25337, an answer, including any related counterclaim you may have, to the amended complaint filed against you in the above-styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above-styled civil action.

Dated: *3-18-21*

                                           *Willie Farnsworth*
                                          Clerk of the Court

**CIVIL CASE INFORMATION STATEMENT**
**CIVIL CASES**

IN THE CIRCUIT COURT OF PLEASANTS, WEST VIRGINIA

I.    CASE STYLE:

MARY JANE ANDERSON and
CHASE ANDERSON,

                    Plaintiffs,

V.                                              CASE NO.  21-C- 5
                                                JUDGE Timothy Sweeney

                                    **Days to**        **Type of Service**
                                    **Answer**

FDF ENERGY SERVICES, LLC,
A Delaware Limited Liability Company             30           Secretary of State

Original and _4_ copies of Complaint furnished herewith.

**FILED IN OFFICE**

MAR 18 2021

MILLIE FARNSWORTH
CIRCUIT COURT CLERK
PLEASANTS CO WV

PLAINTIFF:

DEFENDANT:

II.     TYPE OF CASE:  **Motor Vehicle Accident**

III.    JURY DEMAND:       **YES**
        CASE WILL BE READY FOR TRIAL BY: **March 2022.**

IV.     DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL
        ACCOMMODATIONS DUE TO A DISABILITY OR AGE? **NO**

ATTORNEY NAME:

Dated:   3/17/21

**Timothy C. Bailey (WV # 5839)**
**David A. Bosak (WV #11947)**
**BAILEY, JAVINS & CARTER L.C.**
**213 Hale Street**
**Charleston, West Virginia  25337**
**(304) 345-0346**

        **Representing Plaintiffs**

## IN THE CIRCUIT COURT OF PLEASANTS COUNTY, WEST VIRGINIA

**MARY JANE ANDERSON and**
**CHASE ANDERSON,**

        **Plaintiffs,**

**v.**
                              CIVIL ACTION NO.: 21-C-5
                              JUDGE: Sweeney

**FDF ENERGY SERVICES, LLC,**
**a Delaware Limited Liability Company,**

        **Defendant.**

FILED IN OFFICE

MAR 18 2021

MILLIE FARNSWORTH
CIRCUIT COURT CLERK
PLEASANTS CO WV

### COMPLAINT

COME NOW Plaintiffs Mary Jane Anderson and Chase Anderson, by counsel, and, for their Complaint, allege and aver as follows:

### PARTIES

1.  At all times relevant hereto, Plaintiff Mary Jane Anderson ("Mrs. Anderson") is and was a resident and citizen of Wood County, West Virginia.

2.  At all times relevant hereto, Plaintiff Chase Anderson ("Mr. Anderson") is and was a resident and citizen of Wood County, West Virginia.

3.  At all times relevant hereto, Defendant FDF Energy Services, LLC ("FDF") is and was a Delaware Limited Liability Company and is the successor entity to Francis Drilling Fluids, Ltd. Upon information and belief, FDF is not authorized to conduct business in the State of West Virginia. FDF, as an interstate and commercial motor carrier is, and at all times relevant herein was, subject to the jurisdiction of the Federal Motor Carrier Safety Administration ("FMCSA"), the United States Department of Labor Occupational Safety and Health Administration ("OSHA") and the West Virginia Public Service Commission ("WVPSC") and was responsible for compliance with all applicable FMCSA, OSHA and/or WVPSC rules and regulations, including

1

West Virginia Highway Safety statutes, as well as commonly accepted safety practices used in the trucking industry.

## JURISDICTION AND VENUE

4.      The Court has jurisdiction over this matter pursuant to W. Va. Code § 51-2-2. Venue is proper before this Court pursuant to W. Va. Code § 56-1-1, in that the events giving rise to this cause of action occurred in Pleasants County, West Virginia.

## FACTS

5.      As an interstate and commercial motor carrier, FDF was responsible for ensuring ensure that its trucks are maintained in safe operating condition at all times.  FDF, as a motor carrier subject to the FMCSA and WVPSC's jurisdiction, shall establish, maintain, inspect, repair, service and operate its vehicles, equipment, and cargo in conformity with applicable safety rules and regulations.

6.      On April 13, 2019, at approximately 5:07 p.m., Plaintiff Mary Jane Anderson was a restrained driver lawfully operating her 2005 Isuzu Ascender on WV Route 2 in St. Marys, Pleasants County, West Virginia.  Plaintiff Chase Anderson was a restrained front seat passenger.

7.      At the same time, date, and place, Brandon R. Norman ("Mr. Norman"), an employee of FDF, was operating a 2007 Peterbilt tractor with trailer attached, both owned by FDF, northbound on WV Route 16.

8.      There is a three-way traffic light (control device) at the intersection of WV Route 2 and WV Route 16.

9.      Plaintiffs, who had the green light to proceed, was lawfully travelling through the intersection when Mr. Norman negligently, carelessly, recklessly, willfully and outrageously ran

the red light, barreled through the intersection and violently collided with the vehicle being operated by Plaintiff.

10.     Mrs. Anderson's vehicle suffered catastrophic damage in the collision and was deemed a total loss.

11.     In a statement given to the St. Marys Police Department, Mr. Norman admitted that the "brakes gave out on 8% grade ¼ mile from WV 16 WV 2." Mr. Norman further "pulled the trailer brake" which "didn't do anything."

12.     Mr. Norman, by running a mandatory red light, failed to maintain proper control of his vehicle and keep a proper lookout for other traffic.  Mr. Norman's actions and conduct were not only negligent, but also reckless, willful and outrageous.

13.     FDF failed to properly maintain, service or otherwise care for the 2007 Peterbilt tractor and attached trailer; as a result, the brakes on the tractor/trailer were inadequate and failed when they were needed most.

14.     As a direct and proximate result of the collision, Plaintiff Mary Jane Anderson suffered serious, permanent, and disabling injuries, including but not limited to:

       a.     a fractured and dislocated right hip;

       b.     ten rib fractures;

       c.     a sternum fracture;

       d.     facial abrasions and lacerations;

       e.     a closed head injury;

       f.     acute respiratory failure; and,

       g.     anxiety and depression.

15.     Furthermore, as a direct and proximate result of the collision, Plaintiff Chase

3

Anderson suffered serious, permanent and disabling injuries, including but not limited to:

     a.    Deep facial lacerations resulting in permanent scarring;

     b.    Extensor tenosynovitis to the left wrist;

     c.    Severe anxiety and depression; and,

     d.    Abrasions to the right knee.

16.    Furthermore, Plaintiffs have sustained the following past and future damages as a direct and proximate result of the collision and FDF's actions and conduct:

     a.    extreme physical pain and suffering;

     b.    extreme mental anguish and suffering;

     c.    permanent physical impairment;

     d.    loss of wages and benefits;

     e.    loss of future earning capacity and benefits;

     f.    loss of capacity to enjoy life;

     g.    medical expenses past and future;

     h.    annoyance and inconvenience; and,

     i.    permanent scarring, disfigurement, and loss of range of motion.

17.    Given FDF's willful and reckless failure to properly maintain its tractor/trailer, as well as Mr. Norman's reckless, willful and outrageous operation of the same, punitive damages are appropriate to ensure that FDF does not continue this reckless and wanton behavior.

## COUNT I
### (Vicarious Liability – FDF)

18.    Plaintiffs incorporate by reference each of the above allegations as if fully set forth herein.

19.    By virtue of being Mr. Norman's employer and/or principal, FDF is vicariously

liable for Mr. Norman's acts and omissions while he is operating a FDF tractor/trailer.

20.     At all relevant times, Mr. Norman owed a duty to exercise due care and to act reasonably so as not to injure others while operating his vehicle, and to follow applicable and mandatory West Virginia highway safety laws and the Rules of the Road, the violation of which constitutes negligence *per se*.

21.     Therefore, FDF is liable for Mr. Norman's failure to act reasonably, breach of his duty of care, and negligence *per se* by violating West Virginia highway safety laws and the Rules of the Road in one or more of the following ways: failing to stop for a red light; failing to maintain a proper lookout for other vehicles; and failing to maintain proper control of his vehicle.

22.     As a direct and proximate result of the foregoing, Plaintiffs sustained the severe and permanent injuries and damages described herein.

### COUNT II
### (Negligence – FDF)

23.     At all relevant times, FDF had a non-delegable duty to ensure that its trucks are maintained in safe operating condition at all times, including ensuring that "brakes shall be maintained in good working order." W. Va. Code § 17C-15-31(c); *see also* 49 CFR § 393.48(a) ("all brakes with which a motor vehicle is equipped must at all times be capable of operating.")

24.     FDF breached its duty of care and was negligent insofar as it failed to ensure compliance with the applicable state and federal statutes and regulations, as well as industry standards in failing to maintain the 2007 Peterbilt's brakes, braking system and other systems and parts in safe operating condition.

25.     As a direct and proximate result of the foregoing, Plaintiffs sustained the severe and permanent injuries and damages described herein.

**WHEREFORE,** Plaintiffs demand judgment against the Defendant for:

a.      an amount of compensatory damages determined by a jury according to the laws of the State of West Virginia;

b.      an amount of punitive damages determined by a jury according to the laws of the State of West Virginia;

c.      costs and attorney fees expended in prosecution of this matter;

d.      pre-judgment and post-judgment interest as provided under the law; and

e.      any and all other relief to which the Court deems Plaintiffs are entitled.

### PLAINTIFFS DEMAND A TRIAL BY JURY.

**MARY JANE ANDERSON and
CHASE ANDERSON,**

**Plaintiffs,**

By Counsel:

Timothy C. Bailey (WVSB No. 5839)
David A. Bosak (WVSB No. 11947)
Bailey, Javins & Carter, LC
213 Hale Street
Charleston, West Virginia 25301
Telephone: (304) 345-0346
Facsimile:  (304) 345-0375
tbailey@bjc4u.com
dbosak@bjc4u.com

6



**ATTORNEYS AT LAW**

Timothy C. Bailey (WV,KY&GA)
L. Lee Javins II
D. Blake Carter, Jr.
J. Ryan Stewart
Linda N. Garrett
Taylor M. Norman
David A. Bosak
Robert T. Noone
*Of Counsel*

April 8, 2021

West Virginia Secretary of State
Legal Process Division
1615 E. Washington Street
Charleston, WV 25311

Re:   Mary Jane Anderson, et al. v. FDF Energy Services, LLC
      Civil Action No. 21-C-5

To whom it may concern:

Enclosed is an original and 2 copies of the Complaint and Summons and Plaintiffs' First Set Of Combined Discovery To Defendant for service of the defendant in the above referenced matter.  Additionally, a check in the amount of $20.00 is enclosed for service of the Complaint upon the defendant.

Should you have any questions please feel free to contact me.

Sincerely,

Terri S. Higginbotham
Paralegal

/tsh

Enclosure

IN THE CIRCUIT COURT OF PLEASANTS COUNTY, WEST VIRGINIA

**MARY JANE ANDERSON and**
**CHASE ANDERSON,**

        **Plaintiffs,**

**v.**                                     **CIVIL ACTION NO.: 21-C-5**
                                               **JUDGE:**

**FDF ENERGY SERVICES, LLC,**
**a Delaware Limited Liability Company,**

        **Defendant.**

## PLAINTIFFS' FIRST SET OF COMBINED DISCOVERY TO DEFENDANT

Pursuant to Rules 26, 33, 34 and 36 of the West Virginia Rules of Civil Procedure, the Plaintiff requests the Defendant, FDF Energy Services, LLC ("FDF") answer in writing and under oath each of the following interrogatories and requests for admissions, and produce a copy of the documents requested herein.

Unless the parties otherwise agree, or the Court otherwise directs, the answers and responses to this discovery request are to be served upon the undersigned within thirty (30) days after the service of this notice. If any of the requested documents or things exist but cannot be produced by you, you are asked to indicate in your response the location and present custodian of such documents, if known.

## INSTRUCTIONS

A.      The interrogatories hereinafter stated are continuing in character and require you to file supplementary answers thereto within a reasonable time prior to trial in accordance with Rule 26(e) of the West Virginia Rules of Civil Procedure if further information is obtained after your initial answers hereto.

B.      Unless otherwise indicated, the interrogatories hereinafter stated refer to the time, place, and circumstances referred to in the Complaint filed herein.

C.      Each interrogatory and request for production is to be answered and responded to separately and as completely as possible. The fact that an investigation is continuing and that discovery is not complete shall not be used as an excuse for failure to answer and respond as fully as possible. The omission of any name, fact, or other item of information from any answer or response shall be deemed to represent that such name, fact, or item was not known to the defendant, counsel for the defendant, or other representatives of the defendant at the time of service of the answer.

## DEFINITIONS

A.      The words "describe" and "state" shall mean:

> (1)   Describe or state fully by reference to the underlying facts rather than by ultimate facts or conclusions of fact or law; and

> (2)   Particularize as to (a) time; (b) place; and (c) manner.

B.      The words "identify"; "identity"; and "identification", when used to refer to a natural person, require the following information:

> (1)   The person's full name and present, or last known, home address, home telephone number, business address, and business telephone number;

> (2)   The person's present title and employer or other business affiliations; and

> (3)   The person's home address, home telephone number, business address, and business telephone number, at the time of the actions of which the interrogatory is directed.

C.      The words "identify"; "identity"; and "identification", when used to refer to a document, require the following information:

(1) The subject of the document;

(2) The title of the document;

(3) The type of document, e.g., letter, memorandum, telegram, chart;

(4) The date of the document, or if the specific date is unknown, the month and year or other best approximation of such date;

(5) The number of pages included in the document;

(6) The identity of each person who received a carbon copy of the document;

(7) The identity of the person or persons who wrote, contributed to, prepared, or originated such document; and

(8) The present or last known location and custodian of the document, or if such original document cannot be located, the present location of any copies or carbon copies of the original document.

D.      The words "identify"; "identity"; and "identification", when used to refer to an entity other than a natural person, mean to state its full name, present or last known address, or its principal office or place of doing business, and the type of entity (*e.g.*, corporation, partnership, unincorporated association, etc.)

E.      The words "identify"; "identity"; and "identification", when used to refer to a photograph, motion picture, or videotape means;

(1) Subject matter stating what views, scenes, activities or objects each depicts;

(2) Each person who took, made, or prepared each;

      (3)  Total number of still photographs taken, and the total length of footage of any motion picture or videotape;

      (4)  The date each was taken or made;

      (5)  The present custodian of each, including name and address; and

      (6)  Location and address where each was taken or made.

      F.      The word "person" means any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons, or other associations separately identifiable, whether or not such associations has a separate juristic experience in its own right.

      G.      The phrase "relate to" means supports, evidences, describes, mentions, refers to, contradicts, or compromises.

      H.      The terms "possession", "custody", or "control" includes joint or several possession, custody, or control, not only by the person to whom these interrogatories are addressed, but also joint or several possession, custody, or control by each or any other person, whether as employee, attorney, accountant, agent, sponsor, spokesman, or otherwise.

      I.      The terms "you", "your", "yourself", and "defendant" mean FDF and any predecessors in interest, and any and all other persons, as defined above, acting or purporting to act on their behalf.

      J.      The words "document" and "documents" as used herein has the full extent of its meaning as provided in Rule 34 of the West Virginia Rules of Civil Procedure, and includes any written, drawn, recorded, transcribed, filed, electronic or graphic matter, however produced or reproduced, and any drafts, revisions, or amendments thereof. "Writings" shall include, without limitation, all materials of any kind including, but not limited to, orders, instructions, directives,

regulations, reports, interviews, statements, summaries, complaints, transcripts, memoranda, notes, correspondence and logs. "Documents" also refers to microfilm, microfiche, videotape, motion pictures, audio tape and any other electronic or mechanical recording.

      K.      The term "incident" shall refer to all of the circumstances surrounding the April 13, 2019 motor vehicle collision involving Plaintiffs.

      L.      For any requested document that you claim to be protected by privilege or immunity, state as to each such document the privilege or immunity asserted and the following information:

           (a) the author(s);

           (b) the recipient(s) (including those copied);

           (c) the date;

           (d) the subject matter of the document; and

           (e) the basis for the claim of privilege or immunity.

      M.      For the purposes of these interrogatories and requests for production of documents "subject truck" shall mean the tractor-trailer operated by Brandon Norman on or about April 13, 2019 at the time of the events giving rise to this cause of action.

## INTERROGATORIES, REQUESTS FOR PRODUCTION
## AND REQUESTS FOR ADMISSION

      1.      Identify the owner, make, model, VIN and GVWR for the subject truck.

**ANSWER:**


      2.      ADMIT that the subject truck was equipped with automatic slack adjusters.

**ANSWER:**

3.      With respect to the subject truck, please identify and PRODUCE any documents/materials related to the following:

        a.      the approximate date on which FDF acquired the subject truck;

        b.      the entity and/or person from which the subject truck was acquired;

        c.      any and all documents related to this acquisition; and

        d.      any manuals, notifications, warnings, and/or pamphlets provided by the truck's manufacturer.

**ANSWER:**


4.      PRODUCE any drawings, diagrams, photographs or videography depicting the subject truck and/or April 13, 2019 incident scene.

**ANSWER:**


5.      PRODUCE all repair, maintenance and service records related to the subject truck from January 1, 2017 through and including December 31, 2019.

**ANSWER:**


6.      PRODUCE any policies, procedures, practices, manuals or the like which sets forth or in any manner discusses your company's policies and requirements for service, maintenance, repair and inspection of the subject truck in force and effect on April 13, 2019.

**ANSWER:**


7.      Identify any changes to the policies, procedures and requirements for service, maintenance, repair and inspection of trucks owned and/or regularly operated by your company

which took effect after the subject April 13, 2019 incident. If any such changes were made, please state whether those changes were made as remedial measures and identify the specific condition or practice the new measures were meant to remedy.

**ANSWER:**


8.      PRODUCE any documents in your possession reflecting any and all inspections of the subject truck for the three years prior to the subject incident through the present date.

**ANSWER:**


9.      Identify the person(s), including his/her address, phone number, occupation and employer, who inspected, serviced and/or repaired the subject truck at anytime from January 1, 2017 through and including December 31, 2019.

**ANSWER:**


10.      Set forth and describe the nature of the repairs, service and/or inspection made to the subject truck from January 1, 2017 through and including December 31, 2019.

**ANSWER:**


11.      PRODUCE any and all records, documents and tangible things related in any manner to your Answers to Nos. 9 and 10.

**ANSWER:**

12.     Set forth with particularity defendant's understanding or version of the events leading up to and the cause of the subject incident on April 13, 2019.

**ANSWER:**


13.     PRODUCE the owners, operators, maintenance, service and repair manuals for the subject truck.

**ANSWER:**


14.     Identify any and all accidents, wrecks, collisions and/or near misses or other malfunctions involving Defendant's trucks for a period of three years prior to and following the date of the events giving rise to this cause of action and PRODUCE any documents related thereto. In answering this Interrogatory, identify the following:

       a.    the name, address, telephone number and company position/affiliation of the person(s) involved in the accidents, wrecks, near misses or other malfunctions;

       b.    a brief description of the accident, wreck, near miss or other malfunction;

       c.    the date of the accident, wreck, near miss or other malfunction; and

       d.    what was determined to be the cause of the accident, collision, wreck, and/or near miss.

**ANSWER:**


15.     Did any employee, representative or agent of FDF conduct an investigation including, but not limited to, taking or receiving any statement, either oral or written, from any person, including witnesses and parties who have any information or knowledge relating to the allegations in plaintiff's Complaint? If so, for each person provide the following:

a.      the name, address, telephone number and job title/company affiliation of the person investigating or taking such statement;

b      the identity of the person providing such statement;

c.      the date of any such investigation or statement;

d.      the substance and content of any such investigation or statement; and

e.      if such statement is or was in writing, the location and custodian of such statement.

**ANSWER:**


16.    Identify the entity and person(s), including his/her address, phone number, occupation and employer, who loaded the subject truck prior to the subject incident.

**ANSWER:**


17.    Do you contend any action by Plaintiffs or any third party caused or contributed to the subject incident on April 13, 2019?  If so, identify the party and the factual basis for your contention.

**ANSWER:**


18.    PRODUCE all purchase orders, receipts and invoices for all parts, service, maintenance and repairs related to the subject truck for a period beginning two (2) years before and including six (6) months following the incident.

**ANSWER:**

19.     Identify all repairs, modifications, service and maintenance on the subject truck before April 13, 2019.  PRODUCE all records related thereto.

**ANSWER:**


20.     Identify how many times the brakes on the subject truck were adjusted from January 1, 2017 through and including April 13, 2019.  PRODUCE all records related thereto.

**ANSWER:**


21.     For each occurrence identified in No. 20, identify the person or persons who took part in such repair/maintenance/service.

**ANSWER:**


22.     PRODUCE all documents or tangible things related to defendant's reporting of the subject April 13, 2019 incident to the USDOT, OSHA, the West Virginia Public Service Commission, law enforcement or any other organization or regulating body.

**ANSWER**:


23.     PRODUCE copies of all insurance policies with declarations pages which you contend provide coverage for the claims filed by the Plaintiffs.

**ANSWER:**


24.     PRODUCE reports from any experts you contend to call at trial including each opinion held by the expert, the factual basis for each such opinion, the documents relied on in

reading each opinion, the entirety of all materials provided by defendant to each expert and all compensation paid to each expert for work in this case.

**ANSWER:**


25.    Identify all persons you believe have knowledge relevant to Plaintiffs' claims and set forth what FDF believes that knowledge to be.

**ANSWER:**


26.    PRODUCE any reports, conclusions, causal analysis, subsequent remedial measures, investigation documents, and tangible things related to the subject April 13, 2019 incident.

**ANSWER:**


27.    PRODUCE the drivers' log book for the subject truck for the dates of January 1, 2017 through December 31, 2019.

**ANSWER:**


28.    Identify the name of the person(s) who are responsible for record keeping for your company as it pertains to all maintenance, service, inspection, and repair records on the subject truck; and any documents or tangible things that show any and all modifications, repairs, service or alterations made to the subject truck for the two (2) years preceding and including six months following the subject incident.

**ANSWER:**

29.     PRODUCE copies of any certifications, degrees or records of qualifications for each mechanic and/or engineer who inspected, repaired, modified, or serviced the subject truck in the two (2) years prior to the subject incident.

**ANSWER:**


30.     State, in detail, the company policies and procedures in effect on April 13, 2019, to ensure that the subject truck's brakes are properly adjusted and maintained in proper working order in compliance with all applicable federal and state regulations.

**ANSWER:**


31.     PRODUCE a copy of any internal investigation reports with respect to the events giving rise to this cause of action.

**ANSWER:**


32.     PRODUCE any and all company policies and procedures in effect on April 13, 2019, to ensure that the subject truck's brakes are properly adjusted and maintained in proper working order in compliance with all applicable federal and state regulations.

**ANSWER:**


33.     PRODUCE any and all safety manuals or procedures given or provided by you to Brandon Norman by FDF before April 13, 2019.

**ANSWER:**

34.    PRODUCE a copy of the maintenance log for the subject truck for one (1) year prior to through and including six (6) months following the subject incident.

**ANSWER:**


35.    PRODUCE copies of any photographs, videotapes, drawings or other depictions of the location of the area where Plaintiffs were injured at the time of the events giving rise to this cause of action.

**ANSWER:**


36.    Identify any and all person(s), whether employed by FDF or not, who operated the subject truck for a period of six (6) months prior to April 13, 2019.

**ANSWER:**


37.    PRODUCE any and all documents, records, and/or tangible things related to any previous incident and/or collision involving the subject truck.

**ANSWER:**


38.    Identify all industry standards, guidelines, documents, manuals, or other related materials which FDF adhered to or used that pertained to the maintenance, service, repair, inspection, operation, or modification of the subject truck on April 13, 2019, and for a period of two (2) years preceding April 13, 2019.

**ANSWER:**

39.     Identify the person or persons who trained Brandon Norman to operate the subject truck.

**ANSWER:**


40.     PRODUCE any and all documents, records, or tangible things related to recording the weight of each load carried by the subject truck on April 13, 2019.

**ANSWER:**


41.     PRODUCE all pre-trip inspection or driver vehicle inspection reports (DVIR's) for one year prior to through and including the date of the subject incident related to the subject truck.

**ANSWER:**


42.     Identify all person(s) and/or entities involved with removing/towing the subject truck from the scene on April 13, 2019, after the incident in question.

**ANSWER:**


43.     Identify all FDF agents, employees or representatives who had any contact with Plaintiffs or Brandon Norman on April 13, 2019.

**ANSWER:**


44.     Identify the immediate date prior to April 13, 2019 that the subject truck was last in service and operated.  For this date, identify the following:

a.      the person(s) operating the truck;

b.      the purpose or use of the truck on this date;

c.      any problems, concerns, incidents or complaints noted regarding the truck and its condition on this date;

d.      the departure and destination points for the subject truck; and

e.      any inspection and the person performing the inspection of the subject truck;

**ANSWER:**

45.      PRODUCE any and all documents, records or tangible things related to your answer to No. 45 above.

**ANSWER:**

46.      PRODUCE records of state or federal inspection agencies for any of FDF's trucks in which any defect or problem was found for a period of five (5) years preceding April 13, 2019.

**ANSWER:**

47.      PRODUCE Brandon Norman's driver qualification file.

**ANSWER:**

48.      PRODUCE the Bill of Lading or any written document for the subject trip/load on April 13, 2019.

**ANSWER:**

49.      PRODUCE all documents related to the U.S. Department of Transportation registration for FDF in effect on April 13, 2019.

**ANSWER:**

50.     Identify the percent grade for the subject hill where the subject incident occurred on April 13, 2019.

**ANSWER:**


51.     Identify all persons you contend were employed by FDF on April 13, 2019, who were qualified to inspect and adjust brakes on trucks such as the subject truck.

**ANSWER:**


52.     PRODUCE all records of those persons' training regarding brake inspections and adjustment identified in No. 51 above.

**ANSWER:**


53.     What was the weight limit for the subject truck as set forth by the manufacturer?

**ANSWER:**


54.     What was the weight limit for trucks in West Virginia on the road plaintiff was traveling at the time of the subject incident.

**ANSWER:**


55.     Set forth, in detail, defendant FDF's accident investigation protocol in effect on April 13, 2019.

**ANSWER:**

56.     PRODUCE any FDF safety manuals/policies and/or employee handbooks in effect on April 13, 2019.

**ANSWER:**

57.     For each and every request for admission to which FDF responds with anything other than an unqualified "admit" or "admitted," please state the basis for the response and PRODUCE any and all documents related to the response.

**ANSWER:**

58.     ADMIT that Brandon Norman was the operator of the subject truck on April 13, 2019.

**ANSWER:**

59.     ADMIT that, on April 13, 2019, Brandon Norman was an employee of FDF.

**ANSWER:**

60.     ADMIT that, on April 13, 2019, Brandon Norman was an agent of FDF.

**ANSWER:**

61.     ADMIT that, on April 13, 2019, Brandon Norman was acting within the scope of his employment with FDF.

**ANSWER:**

62.     ADMIT that, on April 13, 2019, Brandon Norman was acting within the scope of his agency for FDF.

**ANSWER:**

63.     ADMIT that Mary Jane Anderson has no comparative fault for the collision on April 13, 2019.

**ANSWER:**

64.     ADMIT that Chase Anderson has no comparative fault for the collision on April 13, 2019.

**ANSWER:**

65.     ADMIT that the brakes on the subject truck failed on April 13, 2019.

**ANSWER:**

66.     ADMIT that FDF has no evidence that the brakes did not fail on April 13, 2019.

**ANSWER:**

MARY JANE ANDERSON and
CHASE ANDERSON,

Plaintiffs,

By Counsel:

Timothy C. Bailey (WVSB No. 5839)
David A. Bosak (WVSB No. 11947)
Bailey, Javins & Carter, LC
213 Hale Street
Charleston, West Virginia 25301
Telephone: (304) 345-0346
Facsimile:  (304) 345-0375
tbailey@bjc4u.com
dbosak@bjc4u.com