**IN THE UNITED STATES DISRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**CLARKSBURG**

**MARY JANE ANDERSON and**
**CHASE ANDERSON,**

      **Plaintiffs.**

**v.**                                             **Civil Action No. 1:21-CV-62**
                                                         **(JUDGE KLEEH)**

**FDF ENERGY SERVICES, INC.,**
**a Delaware Limited Liability Company,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER GRANTING IN PART AND**
**DENYING IN PART PLAINTIFFS' MOTION TO COMPEL [ECF NO. 17]**

This matter is before the undersigned pursuant to a Referral Order [ECF No. 19] entered by Honorable United States District Judge Thomas S. Kleeh on October 22, 2021. By this Referral Order, Judge Kleeh referred a Motion to Compel [ECF No. 17] filed by PlaintiffS to the undersigned Magistrate Judge for a hearing and disposition. Thereafter, the undersigned set the matter for a hearing on November 19, 2021. [ECF No. 22]. Defendant did not file a written response. The undersigned convened the hearing, as scheduled, by videoconference. Appearing at the Status Conference were Plaintiffs' counsel, David A. Bosak, and Defendant's counsel, Julie A. Brennan.

**I. FACTUAL ALLEGATIONS AND**
**SUMMARY OF DISCOVERY REQUESTS AT ISSUE**

This matter concerns injuries and losses allegedly stemming from a vehicle collision on April 13, 2019 between Defendant's tractor-trailer and Plaintiffs' passenger vehicle. Plaintiffs alleged that the brakes on Defendant's tractor-trailer did not function, resulting in the tractor-trailer running a red light and colliding with Plaintiffs' vehicle as Plaintiffs were proceeding through a

1

green light. The incident occurred on WV Route 2 in St. Marys, Pleasants County, in the Northern

District of West Virginia. Plaintiffs filed their Complaint in the Circuit Court of Pleasants County,

West Virginia, and Defendant removed the action to this Court on the basis of diversity

jurisdiction.

By their motion, Plaintiffs seek to compel Defendant's responses to three Requests for

Production of Documents. First, by Request for Production No. 14, Plaintiffs seek information

concerning all accidents, wrecks, collisions, etc. involving Defendant's trucks. Plaintiffs seek this

information for a three-year period prior to that of the incident at issue here (April 13, 2019) and

for a three-year period following that of the incident. Second, by Request for Production No. 51,

Plaintiffs seek the identity of all of Defendants' employees employed on April 13, 2019 who were

qualified to inspect and perform maintenance on the brakes of Defendant's trucks. Third and

finally, by Request for Production No. 52, Plaintiffs seek the training records of those employees

identified in Defendant's response to Request for Production No. 51.

## II. PERTINENT LAW AND STANDARDS

Under the Federal Rules of Civil Procedure:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to
> any party's claim or defense and <u>proportional to the needs of the case</u>, considering
> the importance of the issues at stake in the action, the amount in controversy, the
> parties' relative access to the relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether the burden or
> expense of the proposed discovery outweighs the likely benefit.

Fed. R. Civ. P. 26(b)(1) (emphasis added). If a party seeking discovery has been rebuffed by the

opposing party, then that party seeking discovery may file a motion to compel discovery. Fed. R.

Civ. P. 37(a)(1). Before filing a motion to compel, the party seeking to compel discovery must

confer in good faith with the opposing party. Id. In considering such a motion, "[a] court must

strike a balance between the broad scope of the rules of discovery and the discovery of relevant

evidence that is ultimately deemed admissible or inadmissible at trial. <u>Tustin v. Motorists Mut.</u>

<u>Ins. Co.</u>, No. 5:08-CV-111, 2009 WL 10675150, at *3 (N.D.W. Va. Jan. 23, 2009). "District courts

enjoy nearly unfettered discretion to control the timing and scope of discovery . . .". <u>Hinkle v. City</u>

<u>of Clarksburg, W.Va.</u>, 81 F.3d 416, 426 (4th Cir. 1996).

## III. ANALYSIS AND DECISION

### A. Request for Production No. 14

Plaintiffs seek information concerning certain calamitous incidents involving Defendant's

trucks, for three years prior and three years subsequent to the accident on April 13, 2019. Although

the Court does not have the benefit of Defendant's written response, at the hearing before the

undersigned on November 19, 2021, Defendant expressed concern about the breadth of the

information Plaintiffs seek. Defendant is concerned not just about the timeframe for which Plaintiff

seeks information, but also about the breadth of information sought about Defendant's trucks

beyond braking and stopping. As to the timeframe, Defendant emphasizes that it began operations

on December 4, 2018, only a few months prior to the incident in question, so it cannot provide

information for events going back three years prior to the incident. Moreover, Defendant objects

to providing information about incidents arising after the date of the incident in question. And as

to the types of issues with its trucks, Defendant wrestles with which other incidents qualify as

"malfunctions" such that information about them would be appropriately responsive to Plaintiffs'

request.

At the hearing on November 19, 2021, the undersigned discussed with counsel whether

information beyond brake problems with Defendant's trucks should be discoverable.[1] In the course

---

[1] At this hearing, Defendant's counsel explained that Defendant acquired assets of a predecessor entity as a result of that predecessor's bankruptcy. Defendant then began operations on December 4, 2018. Thus, according to Defendant, it does not have records of accidents involving these trucks prior to December 4,

of this discussion, the Court learned that Defendant maintains an "accident register" pursuant to requirements under certain federal regulations. While Defendant states that information contained in this accident register does not necessarily contain all of the particulars for a specific incident which Plaintiff may seek, it strikes the undersigned as a helpful and economical place to start to resolve the question here.[2] Defendant explained that the accident register aggregates information beginning on December 4, 2018, not as far back in time as Plaintiff requests. Defendant also explained that the accident register is current through June 2021.

The undersigned **FINDS** that the timeframe covered by the accident register is sufficient for Plaintiffs' purposes. Information prior to the beginning of Defendant's operations is not relevant here, and besides, it is not clear that Defendant even has access to it. Information as to incidents occurring <u>after</u> April 13, 2019 may well have bearing on Plaintiffs' allegations and burden of proof, especially as to Plaintiffs' claims for punitive damages. Moreover, the Court **FINDS** that it is not burdensome for Defendant to provide information as to all incidents captured in its accident register for Defendant's fleet of trucks, as Defendant already maintains this database. Plaintiffs can review the information contained therein as produced by Defendant. If Plaintiffs' review gives rise to more discovery requests and/or the need to revisit this issue, the Court can address the same at a later date.

Accordingly, based on the foregoing, Defendant is **ORDERED** to produce to Plaintiff, forthwith, the information from its accident register for Defendant's fleet of trucks from December 4, 2018 to the register's most current date in June 2021. As such, on this issue, Plaintiffs' Motion to Compel is **GRANTED in part** and **DENIED in part** as set forth here.

---

2018. However, Defendant states that it does have maintenance records pre-dating December 4, 2018, and has provided those to Plaintiffs.

[2] At the hearing on December 19, 2021, Defendant's counsel explained that the truck involved in the incident at issue here no longer is available for inspection.

**B. Request for Production Nos. 51 and 52**

By this pair of Requests for Production, Plaintiffs seek the identity Defendants' employees who were qualified to inspect and perform maintenance on the brakes of Defendant's trucks on the date of the incident here, April 13, 2019. Plaintiffs also seek records demonstrating the training these employees received.

At the hearing before the undersigned on November 19, 2021, Defendant emphasized that the Requests for Production, as framed, are quite broad in that they may actually seek information in the possession or control of third parties, not Defendant. Defendant also stated that, in the maintenance records it already produced, Plaintiffs can glean the identities of individuals involved in maintenance of trucks. For their part, Plaintiffs acknowledged that they have identified or can identify those individuals who performed maintenance on the truck at issue in the incident of April 13, 2019.

As indicated on the record, the undersigned **FINDS** that the reasonable resolution here is that Defendant must produce, as to the person(s) who last performed maintenance on the brakes of the subject truck prior to April 13, 2019, the records of the training received by such person(s). Accordingly, it is hereby **ORDERED** that Defendant shall produce to Plaintiff, forthwith, copies of any such records described here. Thus, based on the foregoing, Plaintiffs' Motion to Compel as to these Requests for Production is **GRANTED in part** and **DENIED in part** as set forth here. It is so **ORDERED**.

## IV. CONCLUSION

As more particularly set forth herein, Plaintiffs' Motion to Compel [ECF No. 17] is hereby **GRANTED in part** and **DENIED in part**. It is all so **ORDERED**.

The Court **DIRECTS** the Clerk of the Court to provide a copy of this Order to any parties who appear *pro se* and all counsel of record, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED**: November 19, 2021.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE

6