```
           IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                       CLARKSBURG
```

MARY JANE ANDERSON and
CHASE ANDERSON,

    Plaintiffs,

v.                             Civil Action No. 1:21-CV-62
                                        (Judge Kleeh)

FDF ENERGY SERVICES, LLC,
a Delaware Limited Liability Company,

    Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT FDF ENERGY SERVICES, LLC'S,
## MOTION FOR RULE 35 PHYSICAL EXAMINATION OF PLAINTIFF

Pending before the Court is *Defendant's Motion for Rule 35 Physical Examination of Plaintiff Mary Jane Anderson* [ECF No. 31] filed on January 3, 2022. Plaintiff Mary Jane Anderson responded in opposition to the pending motion on January 7, 2022. ECF No. 37. The motion having been fully briefed is ripe for decision.

### I.  Complaint

Plaintiffs Mary Jane Anderson and Chase Anderson ("Plaintiffs") filed a complaint on March 18, 2021, in the Circuit Court of Pleasants County, West Virginia, alleging claims of vicarious liability (Count I) and negligence (Count II) against Defendant FDF Energy Services, LLC ("FDF"). ECF No. 1-1, Complaint. The action was removed to the Northern District of West Virginia

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT FDF ENERGY SERVICES, LLC'S,
MOTION FOR RULE 35 PHYSICAL EXAMINATION OF PLAINTIFF**

on May 11, 2021. [ECF No. 1]. The allegations contained in the complaint stem from a motor vehicle crash on or about April 13, 2019, between two drivers, Plaintiff Mary Anderson (sometimes referred to herein as "Mrs. Anderson") and Brandon Norman, an FDF employee. ECF No. 1-1, Complaint, at ¶¶ 5-9. Plaintiff Chase Anderson (sometimes referred to herein as "Mr. Anderson") was a front seat passenger of Mrs. Anderson's car; both Plaintiffs suffered substantial injuries. Id. at ¶¶ 6-16.

Plaintiffs' injuries as a result of the vehicle collision include:

    a. a fractured and dislocated right hip,

    b. ten rib fractures,

    c. a sternum fracture,

    d. facial abrasions and lacerations,

    e. a closed head injury,

    f. acute respiratory failure, and

    g. anxiety and depression **as to Plaintiff Mary Anderson**;

    a. deep facial lacerations resulting in permanent scarring,

    b. extensor tenosynovitis to the left wrist,

    c. severe anxiety and depression, and

    d. abrasions to the right knee **as to Plaintiff Chase Anderson**;

and

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT FDF ENERGY SERVICES, LLC'S,
MOTION FOR RULE 35 PHYSICAL EXAMINATION OF PLAINTIFF**

    a. extreme physical pain and suffering,

    b. extreme mental anguish and suffering,

    c. permanent physical impairment,

    d. loss of wages and benefits,

    e. loss of future earning capacity and benefits,

    f. loss of capacity to enjoy life,

    g. medical expenses past and future,

    h. annoyance and inconvenience, and

    i. permanent scarring, disfigurement, and loss of range of motion as to **both Plaintiffs**.

Id. at ¶¶ 14-16. It is because of these alleged injuries that FDF scheduled Mrs. Anderson for an independent medical examination with Dr. Syam Stoll on **Tuesday, January 25, 2022 at 10:30 a.m.**, which is the subject of FDF's Motion [ECF No. 31] and this Court's Memorandum Opinion and Order.

    **II.  FDF's Rule 35 Motion for Physical Examination of Plaintiff**

    FDF seeks an order from this Court directing Mrs. Anderson to submit to the physical examination. ECF No. 31, Motion. The examination is scheduled to occur at 1412 Sixth Avenue, Huntington, West Virginia 25701, at a date and time confirmed by Mrs. Anderson. Id. at ¶¶ 8-9.

> "The manner of the examination will include a review of medical records (including but not limited to the Disability Evaluation and Life Care Plan, medical treatment notes, imaging notes, operative notes, and

Case 1:21-cv-00062-TSK-MJA   Document 42   Filed 01/21/22   Page 4 of 11   PageID #: 228

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT FDF ENERGY SERVICES, LLC'S,**
**MOTION FOR RULE 35 PHYSICAL EXAMINATION OF PLAINTIFF**

> physical therapy notes), and a very detailed and extensive physical examination. The scope of Dr. Stoll's physical examination will be consistent with the examination conducted by Dr. Bowman to include sternum, vision and mental disposition, and examination/evaluation of balance, strength, range of motion of the right shoulder and hip. With respect to balance, strength, and range of motion, Dr. Stoll will evaluate the bilateral extremities versus only the location of injuries. Dr. Stoll will not perform any imaging or laboratory work during the examination, but he may request that the Plaintiff undergo imaging or laboratory work depending upon the results of his examination. Dr. Stoll will evaluate any temporary or permanent disability or impairments, any medical limitations, functional limitations, the necessity for ongoing treatment and/or monitoring, and Ms. Anderson's ability to complete activities of daily living at present and in the future.

Id. at ¶¶ 10-14. Plaintiffs responded in opposition to the motion, stating that FDF is "not entitled to a Rule 35 examination as a matter of right, as Rule 35 places a substantial burden on the requesting party to show good cause" and FDF has failed to show "how the examination will procure information not already made available to [FDF]." ECF No. 37, Response, p. 1. Plaintiffs ultimately request the Court to require FDF to "*specifically* define the manner, conditions, and scope of the examination and limit the examination only to tests and examinations which will yield information not already known or gathered." Id. (emphasis in original).

Included in Plaintiff's response is email correspondence between counsel occurring in November 2021. ECF Nos. 37-1 – 37-4,

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT FDF ENERGY SERVICES, LLC'S,**
**MOTION FOR RULE 35 PHYSICAL EXAMINATION OF PLAINTIFF**

Exhibits A-D. By email, FDF's counsel requested Mrs. Anderson's availability for and participation in an independent medical examination ("IME") and provided Plaintiffs' counsel with the following information:

> [W]e have identified Syam B. Stoll MD to conduct an independent medical evaluation on Ms. Anderson. The examination would include a review of medical records, disability evaluation and life care plan, and patient history/questionnaire. Dr. Stoll would conduct a physical examination to include the same scope as your evaluation by Dr. Bowman including sternum, vision and mental disposition, and examination/evaluation of balance, strength, range of motion for Plaintiff's right shoulder and right hip. Dr. Stoll would evaluate any temporary or permanent disability or impairments, any medical limitations, the necessity for ongoing treatment and/or monitoring, and Plaintiff's ability to complete activities of daily living at present and in the future. Dr. Stoll is located in Huntington, West Virginia. Please advise as soon as possible if we need to file a motion with the Court to obtain our requested IME.

ECF No. 37-1, Exhibit A. Plaintiffs agreed to a Rule 35 examination of Mrs. Anderson, described by FDF's counsel above, "so long as an exact examination protocol is laid out beforehand." ECF No. 37-2, Exhibit B. Plaintiffs' counsel then asks "what specific tests will be conducted or examination methods used" during the examination. Id. In response, FDF's counsel confirmed that "Dr. Stoll will not perform any imaging or laboratory work" and that "[h]is physical examination will be very detailed and extensive, and cover the

Case 1:21-cv-00062-TSK-MJA   Document 42   Filed 01/21/22   Page 6 of 11   PageID #: 230

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT FDF ENERGY SERVICES, LLC'S,
MOTION FOR RULE 35 PHYSICAL EXAMINATION OF PLAINTIFF**

scope that we included in our November 5 email." ECF No. 37-3, Exhibit C.

### III. Legal Standard

Rule 35 of the Federal Rules of Civil Procedure states:

> The court where the action is pending may order a party whose mental or physical condition--including blood group--is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

Fed. R. Civ. P. 35(a)(1). Rule 35(a)(2) provides what is required in the Court's order for an examination: "The order: (A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and (B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2).

### IV. Analysis

Whether good cause exists for the examination and whether the manner, conditions, and scope of the examination have been demonstrated remains unsettled between the parties. Plaintiffs spend much time arguing about FDF's ability to obtain the requested information from an alternative source and that such indication is evidence of FDF's failure to show good cause. ECF No. 37. Good cause for a Rule 35 examination is not shown by merely

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT FDF ENERGY SERVICES, LLC'S,**
**MOTION FOR RULE 35 PHYSICAL EXAMINATION OF PLAINTIFF**

demonstrating the relevance of the information sought. Guilford Nat. Bank of Greensboro v. Southern Ry. Co., 297 F.2d 921, 925 (4th Cir. 1962). While "an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination," "there are situations where the pleadings alone are sufficient to meet these requirements." Schlagenhauf v. Holder, 379 U.S. 104, 118-19 (1964). "A plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." Id. at 119. "Without the opportunity to conduct an independent medical examination, Defendant would be forced to offer a defense limited to the mere cross-examining of evaluations offered by Plaintiff's experts." Zumstein v. Boston Scientific Corp., No. 2:13-cv-02344, 2014 WL 7236406, *1, *1 (S.D.W. Va. Dec. 17, 2014) (internal citation and quotations omitted).

Certainly, Plaintiffs' suit against FDF involves the "mental or physical condition of a party" as the central controversy because Plaintiffs seek damages arising from their personal injuries incurred as a result of the April 13, 2019, vehicle crash between Plaintiffs and the FDF employee. Fed. R. Civ. P. 35(a)(1).

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT FDF ENERGY SERVICES, LLC'S,
MOTION FOR RULE 35 PHYSICAL EXAMINATION OF PLAINTIFF**

Indeed, Plaintiffs detailed each of their ailments suffered. ECF No. 1-1, Complaint, at ¶¶ 14-16. The record reflects the parties, including the person to be examined, has notice, and the time, place, and person who will perform the examination has been specified. Fed. R. Civ. P. 35(a)(2).

Plaintiffs fail to point to the "medical records and examinations Ms. Anderson has already undergone" that would, in Plaintiffs' view, nullify any need for the one requested Rule 35 examination of Mrs. Anderson. ECF No. 37, p. 5. Indeed, the Court is aware of Defendant's Motion to Compel [ECF No. 23], which was referred to Magistrate Judge Aloi for disposition. In short, FDF's counsel seeks an order compelling Plaintiff's medical records pertaining to this matter. Id. A decision on that motion to compel having been held in abeyance [ECF No. 28] and scheduled for a status conference on February 4, 2022, it does not appear to this Court that "Defendant has failed to meet its burden" for good cause as Plaintiffs so advise, or that FDF has somehow obtained, or will obtain, the information sought in the physical examination by other means, such as Mrs. Anderson's medical records subject to that motion to compel.

The Court, finding good cause and the time, place, manner, conditions, scope of the examination, as well as the person who will perform it to be precise, **GRANTS** FDF's Motion [ECF No. 31].

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT FDF ENERGY SERVICES, LLC'S,
MOTION FOR RULE 35 PHYSICAL EXAMINATION OF PLAINTIFF**

Fed. R. Civ. P. 35(a). FDF's descriptions – in both email correspondence to counsel and instant motion - of the physical examination to be conducted by Dr. Stoll, on a date confirmed by Mrs. Anderson, sufficiently "specif[ies] the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Plaintiffs' complaint for negligence details the alleged injuries, ECF No. 1-1, Compl., ¶¶ 14-16, and "places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." Schlagenhauf v. Holder, 379 U.S. 104, 119 (1964). Timeliness of the examination not being at issue here and having been calendared on a date prior to the Rule 26 disclosure deadlines, the Court further finds Plaintiffs will not be prejudiced by the one physical examination requested by FDF as sufficient time is permitted within the Court's First Amended Scheduling Order [ECF No. 34].

   V. <u>Conclusion</u>

Upon consideration of the Motion and the response in opposition thereto, the Motion [ECF No. 31] is **GRANTED**. Plaintiff Mary Jane Anderson is hereby **ORDERED** to submit to a physical examination, as follows:

1. The examination will be performed by Dr. Syam Stoll.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT FDF ENERGY SERVICES, LLC'S,
MOTION FOR RULE 35 PHYSICAL EXAMINATION OF PLAINTIFF**

2. The examination will occur on January 25, 2022, commencing at 10:30 a.m.

3. The examination will take place at 1412 Sixth Avenue, Huntington, WV 25701.

4. The scope of the examination shall include a review of medical records and a detailed and extensive physical examination. The scope of Dr. Stoll's physical examination will be consistent with the examination conducted by Dr. Bowman to include sternum, vision and mental disposition, and examination/evaluation of balance, strength, range of motion of the right shoulder and hip. With respect to balance, strength, and range of motion, Dr. Stoll will evaluate the bilateral extremities versus only the location of injuries.

5. Dr. Stoll will not perform any imaging or laboratory work during the examination, but he may request that the Plaintiff undergo imaging or laboratory work depending upon the results of his examination.

6. Dr. Stoll will evaluate any temporary or permanent disability or impairments, any medical limitations, functional limitations, the necessity for ongoing treatment and/or monitoring, and Ms. Anderson's ability to complete activities of daily living at present and in the future.

It is so **ORDERED.**

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT FDF ENERGY SERVICES, LLC'S,
MOTION FOR RULE 35 PHYSICAL EXAMINATION OF PLAINTIFF**

The Clerk is directed to transmit copies of this Order to all counsel of record and any unrepresented parties.

**DATED:** January 21, 2022

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE